```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEAVER EQUITIES GROUP L.P.,

              Plaintiff,

-against-

FERDO GRGUREV, OMER GRGUREV, NATALIA GRGUREV, MICHELLE GRGUREV, ROBERT GRGUREV, and OCINOMLED LTD.,

              Defendants.

1:23-cv-02243 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      On July 25, 2023, Corporate Defendant in this action, Ocinomled Ltd., filed a Notice of a Chapter 11 Bankruptcy Case pending in the U.S. Bankruptcy Court for the Southern District of New York. [ECF No. 60]. Plaintiff subsequently filed a letter informing the Court that it had engaged bankruptcy counsel, who had filed a Motion for Relief from the Automatic Stay to permit Plaintiff to proceed in this Court. [ECF No. 62]. Plaintiff further advised that the hearing on the Motion to Stay was set for September 19, 2023. [ECF No. 62].

      While the debtor had not sought to extend the Automatic Stay to the non-debtor Defendants in this action (*i.e.*, the Individual Defendants), this Court entered an Order staying this action in its entirety, pending a ruling from the Bankruptcy Court with respect to Plaintiff's motion for stay relief. [ECF No. 63]. The Court ordered that "[c]ounsel for Plaintiff shall advise the Court of the ruling on its motion for stay relief within 3 business days of entry of an Order by the Bankruptcy Court." [ECF No. 63].

      On January 6, 2024, Plaintiff filed a Proposed Consent Decree and Judgment, which has been signed by all parties in this action, asking the Court to enter the Judgment. [ECF No. 64]. In its' brief cover letter, Plaintiff asserts that the Proposed Judgment is "[i]n accordance with a

settlement agreement between the parties" and had been approved "by the Bankruptcy Court." [ECF No. 64]. Plaintiff attached to its Proposed Judgment a copy of the referenced "Order of Bankruptcy Court Approving Settlement."

On careful review, however, the Bankruptcy Order that Plaintiff attaches as proof of approval by the Bankruptcy Court is specifically titled "Order . . . Approving the Debtor's Settlements of the Pending *State Court* Actions Filed by (I) [Plaintiff], and (II) the DRG Hospitality Group." [ECF No. 64, Ex. 1] (emphasis added). The Court assumes that the referenced state court action is the same state court action for which Plaintiff filed a Notice of Pendency of a Potentially Related State Court Action in this case. [ECF No. 5]. The Bankruptcy Order in no way references the *federal* action currently before this Court. Thus, in accordance with the automatic stay provisions of 11 U.S.C. Section 362, the Stay Order in *this* action remains in effect and the request for this Court to approve a Consent Decree and Judgment violates that Stay.

However, if the parties require the Court to take any sort of action—such as entering a Consent Decree and Judgment—the parties must file proof on the docket that the Bankruptcy Court has lifted the Stay and/or approved any settlement with respect to *this* action.

**SO ORDERED.**

Date: January 10, 2024
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**