USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/6/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BEAVER EQUITIES GROUP L.P., a New York Limited Partnership, | Civil Action No. 1:23-cv-02243-MKV |
| Plaintiff, | |
| v. | **CONSENT DECREE, PERMANENT INJUNCTION AND JUDGMENT AGAINST ALL DEFENDANTS** |
| FERDO GRGUREV, OMER GRGUREV, NATALIA GRGUREV, MICHELLE GRGUREV, and ROBERT GRGUREV, individuals, and OCINOMLED, LTD., a New York Corporation, | |
| Defendants. | |

WHEREAS, Plaintiff Beaver Equities Group L.P. (herein "Beaver Equities" or "Plaintiff") initiated this action against Defendants Ferdo Grgurev, Omer Grgurev, Natalia Grgurev, Michelle Grgurev, and Robert Grgurev, and Ocinomled, Ltd. ("Ocinomled") (herein collectively "Defendants") (Plaintiff and Defendants collectively "the Parties"), seeking judgment for trademark infringement, dilution, cybersquatting, trademark disparagement, unfair competition, unlawful deceptive acts and practices, and intentional interference with prospective economic advantage;

~~WHEREAS, on July 17, 2023, default was entered against all of the Defendants pursuant to Federal Rule of Civil Procedure 55(a), and as such all allegations in the First Amended Complaint are deemed admitted;~~ **[MKV]**

WHEREAS, Beaver Equities owns various famous Delmonico's marks, namely the word "Delmonico's," the associated letter "D," and the tag line "Since 1837" or "Est. 1837," each standing alone or as part of one or more logos, regardless of font, capitalization, color, or appearance, in connection with restaurant and bar related goods and services (hereafter collectively the "Delmonico's Marks");

WHEREAS, Defendants, have infringed upon and diluted the Delmonico's Marks and committed cybersquatting, trademark disparagement, unfair competition, and unlawful deceptive acts

and practices, against Beaver Equities;

WHEREAS, the Parties stipulate and agree to the entry of a permanent injunction in the form set forth below;

**[MKV]**

NOW, THEREFORE, in view of the pleadings on file in this case, ~~the default by defendants thereby admitting the allegations,~~ and upon stipulation of the Parties, the Court hereby finds the following:

**SUBJECT MATTER JURISDICTION**

1.   This Court has subject matter jurisdiction over this action including, without limitation, the claims of trademark infringement, dilution, unfair competition, and cybersquatting under the Lanham Act. 28 U.S.C. §§ 1331, 1332, and 1338(a). This Court has subject matter jurisdiction over the substantial and related state and common law claims for trademark disparagement, unfair competition, unlawful deceptive acts and practices, and intentional interference with prospective economic advantage, pursuant to 28 U.S.C. §§1338(b) and 1367(a). The Court has personal jurisdiction over Defendants as to this matter.

**A. Delmonico's – A Famous New York Landmark Owned by Plaintiff**

2.   This case is about Delmonico's, the legendary and famous fine dining establishment founded by the Delmonico family almost 200 years ago located at 56 Beaver Street in what is now Manhattan's Financial District. A "Findings and Designation" document generated on or about 2004 by the New York Landmarks Preservation Foundation states that "Delmonico's has occupied this site [56 Beaver Street] since 1835 …."

3.   The New York Landmarks Preservation Foundation awarded Delmonico's New York City Designated Landmark Status in 2004, and that a plaque at Delmonico's, attributed to the New York Landmarks Preservation Foundation, states that Delmonico's "was one of the first restaurants in the United States to serve fine continental fare and was a favorite gathering place for New York society and visiting dignitaries."

4.   The United States Department of the Interior entered Delmonico's in the National Register of Historic Places in 2007, noting in its records that in the words of an 1893 guidebook, Delmonico's

was by then already "known all over the world. The name has been a familiar word among the epicures of two continents for nearly three-quarters of a century.' This building – the second Delmonico's on the site – is a remarkably handsome Renaissance Revival design using orange iron-spot brick, brownstone and terra cotta, and a corner entrance bay with a semicircular porch with giant columns – all suggestive of the elegance expected by its Gilded Age patrons."

5.   Delmonico's elaborate corner entrance at 56 Beaver Street has, both in its original 1837 building and in the current 1891 building, featured two sets of marble columns, reputedly ancient Roman artifacts brought from Pompeii, Italy by John Delmonico, prominently framing the word "DELMONICO'S" permanently engraved in the frieze and marble cornice above the entryway, as shown in the photo below (which was credited to Carl Forster in the February 13, 1996 Delmonico's Building Report by the New York City Landmarks Preservation Commission):



6.   A 1989 Newsday article reported that Delmonico's has been "considered the premier restaurant in America.  Harper's Weekly called the restaurant an agency of civilization[,]" and that famous Delmonico's diners have been reported to include Abraham Lincoln, Theodore Roosevelt, Franklin Delano Roosevelt, Richard Nixon, Charles Dickens, Mark Twain, Oscar Wilde, Lillian Russell, "Diamond Jim" Brady, Horace Greeley, Lilly Langtry, Jenny Lind, Chester Arthur, Arthur Sullivan, J.P. Morgan, James Gordon Bennett, Jr., Nikola Tesla, Commodore Matthew C. Perry, Edward VII while Prince of Wales, and Napoleon III of France.

7.   Mimi Sheraton was quoted in a 1991 New York Times article as stating that "At Delmonico's, a Culinary Legacy," Mark Twain, the famous American author, was a regular patron of Delmonico's, and that he once said, "There is no equal to Delmonico's in the world.  Its cuisine is the equal of the cuisine of the world, and its service is the equal of the service of kings."

8.   In 1998 the *New York Times* stated, "Delmonico's, possibly the most famous name in American restaurant history, is once again in the news"; and "Delmonico's, in the financial district, has a proud history, and it looks the part. … [I]t would be easy to believe the restaurant had been operating without interruption since the turn of the century …"

9.   A 2004 article published in Ohio in *Restaurant Hospitality* stated that the name Delmonico's "comes with a lot of built-in brand equity. Still going strong in New York City, the original Delmonico's is synonymous with the term 'steakhouse' for many people, even those who may have never eaten there."

10. *Financial Times* referred to the restaurant at 56 Beaver Street as "Delmonico's, the 181-year-old fine dining restaurant[,]"in 2010, *Esquire*, after a summary of the historic restaurant's two-century history, said, "the Beaver Street restaurant, with its marble portals from Pompeii, is still going strong[,]" and *Time* magazine online referred to the restaurant as "the 170-year-old financial district institution[.]"

11. Delmonico's New York location has long been a popular destination for businesspeople, politicians, and celebrities from all over the United States when visiting New York, and was also featured on the television shows "Good Morning America" and "Unwrapped."

12. There have been numerous reviews of Delmonico's New York location on OpenTable.com and Zagat.com, some of which refer to the restaurant as an "institution," an "icon," and "historic."

**B. Plaintiff Licensed Defendant Ocinomled, Ltd. to Run Delmonico's**

13. Plaintiff Beaver entered into an agreement with Defendant Ocinomled, Ltd. to lease the restaurant space at 56 Beaver Street and to license the use the Delmonico's Marks at that location, and a renewal lease was effective in 2010 (the "License Agreement").

14. The continued accrual of goodwill associated with the Delmonico's Marks at 56 Beaver Street throughout the term of the License Agreement inured to the owner of Delmonico's—Plaintiff Beaver—and not to Defendant Ocinomled, Ltd., who  was merely operating the restaurant under a license from Plaintiff Beaver.

15. Defendant Ocinomled, Ltd. gained no ownership rights to Plaintiff Beaver's property,

including the valuable Delmonico's Marks and associated goodwill, by operating a rented restaurant under a license from Plaintiff Beaver.

16. Defendants admitted that the Delmonico's Marks are inextricably linked with the landmark 56 Beaver Street property owned by Plaintiff Beaver. Specifically, in a New York Supreme Court filing, Defendants stated that "During these decades, the 56 Beaver Street location and the Delmonico's name have become inextricably linked." (*The DRG Hospitality Group Inc. v. Grgurev, et al.*, Index No. 150755/2023, Defendants Ferdo Grgurev's, Michelle Grgurev's, Robert Grgurev's, and Ocinomled Ltd.'s Verified Answer to Complaint and Verified Counterclaims, filed 02/07/2023, para. 30).

**C. Defendants Wrongly Claimed Rights to the Delmonico's Marks**

17. Defendants publicizing the false statement that Plaintiff's new tenants at the actual original Delmonico's location, 56 Beaver Street, are imposters who are infringing *Defendants'* rights in the Delmonico's Marks.



EST. 1837
**DELMONICO'S**
RESTAURANT

WE REGRET TO INFORM OUR CUSTOMERS AND LOYAL FOLLOWERS THAT THE RECENT REPORTS THAT WE WILL RE-OPEN AT 56 BEAVER STREET IS FALSE. IT HAS COME TO OUR ATTENTION THAT FORMER ASSOCIATES HAVE BEEN MISREPRESENTING THEMSELVES TO THE MEDIA AS OWNERS OF DELMONICO'S. THIS IS UNTRUE, AND LEGAL ACTION HAS BEEN COMMENCED AGAINST THESE INDIVIDUALS.

AS THE SOLE OWNERS OF THE TRADEMARK AND THIS ICONIC BRAND, WE ARE DISAPPOINTED THAT ANYONE WOULD ATTEMPT TO STEAL OUR NAME, BUT MORE SO THAT OUR CUSTOMERS HAVE BEEN GIVEN FALSE EXPECTATIONS ABOUT RE-OPENING.

WE ARE ACTIVELY WORKING ON OUR NEW YORK CITY RE-OPENING PLANS AND WILL SHARE THOSE WITH YOU AS SOON AS WE ARE ABLE.

18. Defendants are unlawfully using the dot-com website domain incorporating a verbatim copy of Plaintiff's Delmonico's mark (i.e., www.delmonicos.com) to publicize the following false statement that is incredibly damaging to Plaintiff's Delmonico's landmark and associated trademark rights.

5

19. Defendants have repeatedly publicized the above or similar false and damaging statements to its tens of thousands of followers on social media including on Instagram, and via widely circulating print and digital media including the New York Post, the Daily Mail, and others.

20. Defendants wrongful claim of trademark rights have interfered with DRG's application to obtain a liquor license for running Delmonico's, and have caused disruption to DRG's liquor license application.

**D. Defendants' Wrongful Attempts to Register the Delmonico's Trademarks**

21. Defendants' unlawful campaign to strip the Delmonico's name from the landmark Delmonico's building unless Defendants' lease is reinstated is clearly demonstrated by Defendants' filing of dozens of trademark applications to register Plaintiff's Delmonico's Marks using false and/or fraudulent statements.

22. Defendant Ocinomled, Ltd. filed at least each of the following trademark registration applications with the USPTO for the Delmonico's Marks, which remain pending or are already registered with the USPTO (hereafter collectively, "the Live OL Applications and Registrations"):

| THE LIVE OL APPLICATIONS AND REGISTRATIONS | | |
|---|---|---|
| **Serial No.**<br>**Reg. No.** | **Mark** | **Goods and Services** |
| 76577250<br>**3344644** |  | steak sauce |
| 76577251<br>**2928614** |  | restaurant services |
| 76577252 | DELMONICO'S | steak sauce |
| 76577253 | DELMONICO'S | restaurant services |

| 76586960 |  | restaurant services |
|---|---|---|
| 77301695 | DELMONICO'S | IC 008. US 023 028 044. G & S: cutlery; IC 016. US 002 005 022 023 029 037 038 050. G & S: Magazines, periodicals, catalogs, and books, all featuring cooking, lifestyle, interior decoration, kitchens, photography, recipes, furniture, fashion, beauty and homemaking subjects; scrapbook albums, and recipe card albums IC 018. US 001 002 003 022 041. G & S: Umbrellas, all-purpose carrying bags, totes, luggage, backpacks, duffel bags, wallets, briefcases, and leather briefcase type note pad portfolios IC 021. US 002 013 023 029 030 033 040 |

| | | |
|---|---|---|
| | | 050. G & S: Dinnerware, namely, dishes, plates, bowls, serving platters, cups, saucers, salad bowls, salad serving spoons, and serving forks, salt and peper [sic] shakers, casserole dishes, sugar bowls, cream pitchers, cake servers and canister sets; crystal and glass beverage ware, namely, stemware, goblets, drinking glasses, mugs, pitchers and tumblers, pitchers, cocktail shakers, decanters, ice buckets, ice serving tongs, not made of metal; coffee pots and tea pots, not make of precious metals; crystal and glass vases; wicker, straw and wood baskets IC 025. US 022 039. G & S: Men's, women's and children's clothing, namely, t-shirts, caps, aprons, raincoats and jackets IC 029. US 046.  G & S: Prepared meat, fish, poultry; fresh or frozen, prepared or packaged entrees consisting primarily of meat, fish, poultry or vegetables; food package combinations consisting primarily of cheese, meat, fish, poultry, fruits or vegetables IC 030. US 046. G & S: salad dressings, sauces IC 034. US 002 008 009

017. G & S: Cigars, cigar boxes (not of precious metal); smoker's accessories, namely, snuff boxes, matches, ashtrays, cigarette lighters (not of precious metals), smoking pipes, cigar cutters, and cigarettes IC 041. US 100 101 107. G & S: Entertainment services rendered through the medium of television, radio or the internet in the nature of an on-going series of shows featuring cooking, lifestyle, interior decoration, kitches, [sic] photography, recipes, furniture, fashion, beauty and homemaking |
| 77978342

**3732762** |  | cutlery; sauces |
| 77979598

**3819765** |  | salad dressings |

| 97374908 | D EST. 1837 | cutlery |
|---|---|---|
| 97374934 | D EST. 1837 | Magazines, periodicals, catalogs, and books, all featuring cooking, lifestyle, interior decoration, kitchens, photography, recipes, furniture, fashion, beauty and homemaking subjects; scrapbook albums, and recipe card albums |
| 97374957 | D EST. 1837 | umbrellas, all-purpose carrying bags, totes, luggage, backpacks, duffel bags, wallets, briefcases, and leather briefcase type note pad portfolios |
| 97374981 | D EST. 1837 | dinnerware, namely, dishes, plates, bowls, serving platters, cups, saucers, salad bowls, salad serving spoons, and serving forks, salt and pepper shakers, casserole dishes, sugar bowls, cream pitchers, cake servers and canister sets; crystal and glass beverage ware, namely, stemware, goblets, drinking glasses, mugs, pitchers and tumblers, pitchers, cocktail shakers, decanters, ice buckets, ice serving tongs, not made of metal; coffee pots and tea pots, not<br><br>make of precious metals; crystal and glass vases; wicker, straw and wood baskets |
| 97375001 | D EST. 1837 | Men's, women's and children's clothing, namely, t-shirts, caps, aprons, raincoats and jackets |
| 97375019 | D EST. 1837 | steak sauce; steak seasoning; seasoning mixes; seasoning rubs |
| 97375072 | D EST. 1837 | cigars, cigar boxes (not of precious metal); smoker's accessories, namely, snuff boxes, matches, ashtrays, cigarette lighters (not of precious metals), smoking<br><br>pipes, cigar cutters, and cigarettes |

| 97375086 | (logo: EST. D 1837) | entertainment services rendered through the medium of television, radio or the internet in the nature of an on-going series of shows featuring cooking, lifestyle, interior decoration, kitchens, photography, recipes, furniture, fashion, beauty and homemaking |
|---|---|---|
| 97375094 | (logo: EST. D 1837) | restaurant and bar services |
| 97375395 | DELMONICO'S | men's, women's and children's clothing, namely, t-shirts, caps, aprons, raincoats and jackets |
| 97375410 | DELMONICO'S | dinnerware, namely, dishes, plates, bowls, serving platters, cups, saucers, salad bowls, salad serving spoons, and serving forks, salt and pepper shakers, casserole dishes, sugar bowls, cream pitchers, cake servers and canister sets; crystal and glass beverage ware, namely, stemware, goblets, drinking glasses, mugs, pitchers and tumblers, pitchers, cocktail shakers, decanters, ice buckets, ice serving tongs, not made of metal; coffee pots and tea pots, not make of precious metals; crystal and glass vases; wicker, straw and wood baskets |
| 97375434 | DELMONICO'S | cutlery |
| 97375443 | DELMONICO'S | magazines, periodicals, catalogs, and books, all featuring cooking, lifestyle, interior decoration, kitchens, photography, recipes, furniture, fashion, beauty and homemaking subjects; scrapbook albums, and recipe card albums |
| 97375470 | DELMONICO'S | umbrellas, all-purpose carrying bags, totes, luggage, backpacks, duffel bags, wallets, briefcases, and leather briefcase type note pad portfolios |
| 97375476 | DELMONICO'S | steak sauce; steak seasoning; seasoning mixes; seasoning rubs |
| 97375479 | DELMONICO'S | cigars, cigar boxes (not of precious metal); smoker's accessories, namely, snuff boxes, matches, ashtrays, cigarette lighters (not of precious metals), smoking pipes, cigar cutters, and cigarettes |

| 97375482 | D E L M O N I C O ' S | entertainment services rendered through the medium of television, radio or the internet in the nature of an on-going series of shows featuring cooking, lifestyle, interior decoration, kitchens, <br><br> photography, recipes, furniture, fashion, beauty and homemaking |
|---|---|---|
| 97375487 | D E L M O N I C O ' S | restaurant and bar services |
| 97375506 | D E L M O N I C O ' S | cutlery |
| 97375514 | D E L M O N I C O ' S | magazines, periodicals, catalogs, and books, all featuring cooking, lifestyle, interior decoration, kitchens, photography, recipes, furniture, fashion, beauty and homemaking subjects; scrapbook albums, and recipe card albums |
| 97375526 | D E L M O N I C O ' S | umbrellas, all-purpose carrying bags, totes, luggage, backpacks, duffel bags, wallets, briefcases, and leather briefcase type note pad portfolios |
| 97375541 | D E L M O N I C O ' S | dinnerware, namely, dishes, plates, bowls, serving platters, cups, saucers, salad bowls, salad serving spoons, and serving forks, salt and pepper shakers, casserole dishes, sugar bowls, cream pitchers, cake servers and canister sets; crystal and glass beverage ware, namely, stemware, goblets, drinking glasses, mugs, pitchers and tumblers, pitchers, cocktail shakers, decanters, ice buckets, ice serving tongs, not made of metal; coffee pots and tea pots, not <br><br> make of precious metals; crystal and glass vases; wicker, straw and wood baskets |
| 97376182 | D E L M O N I C O ' S | men's, women's and children's clothing, namely, t-shirts, caps, aprons, raincoats and jackets |
| 97376192 | D E L M O N I C O ' S | steak sauce; steak seasoning; seasoning mixes; seasoning rubs |
| 97376200 | D E L M O N I C O ' S | cigars, cigar boxes (not of precious metal); smoker's accessories, namely, snuff boxes, matches, ashtrays, cigarette lighters (not of precious metals), smoking <br><br> pipes, cigar cutters, and cigarettes |

| 97376202 | D E L M O N I C O'S | entertainment services rendered through the medium of television, radio or the internet in the nature of an on-going series of shows featuring cooking, lifestyle, interior decoration, kitchens, photography, recipes, furniture, fashion, beauty and homemaking |
|---|---|---|
| 97376210 | D E L M O N I C O'S | restaurant and bar services |

23. Each of the marks listed in the Live OL Applications and Registrations, if and when used by Defendants in connection with the goods and services listed therein, is, has been, and would be likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, Plaintiff's landmark property, and/or Plaintiff's new licensee, DRG, as to the origin, sponsorship, or approval of those goods and services.

24. Plaintiff alleges that use by Defendants of each of the marks listed in the Live OL Applications and Registrations in connection with the goods and services listed therefore is, has been, and would be damaging to Plaintiff, the value of Plaintiff's landmark Delmonico's building, and Plaintiff's ability to do business with new licensees, such as DRG.

25. Defendant, Ocinomled verified that it has used or intends to use each of the marks listed in the Live OL Applications and Registrations in connection with the goods and services listed therein.

26. Defendant, Ocinomled has registered as a service mark in New York State a Stylized Letter D in a wreath design for restaurant services under Registration No. S18914 and renewed as Registration No. S23037, which registration is extant.

27. Defendant, Ocinomled has registered as a service mark in New York State the Stylized Words "SINCE 1837", a Stylized "D" in a Wreath Design, together with the word "DELMONICO'S" in Stylized Format which appear within a Fanciful Image of a Locomotive with Scroll Designs, for restaurant services under Registration No. S18923 and renewed as

Registration No. S23038, which registration is still extant.  The two New York State Service mark registrations, and their renewals, are referred to as the "NY State Registrations."

**G. Defendants Consent to Judgment Against Them.**

28. Defendants' use of the Delmonico's Marks in connection with the goods and services recited in Defendants' Live OL Applications is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods or services and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods or services and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way still affiliated with or sponsored by Plaintiff, and constitutes use of a false designation of origin and misleading description and representation of fact.

29. Defendants' conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Defendants' conduct as found herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

31. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34, 35, and 38 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, 1120, together with prejudgment and post-judgment interest.

32. Regarding Plaintiff's New York statutory claim, the Defendants have widely publicized to consumers false information about the ownership of the Delmonico's marks in New York, that is likely to mislead reasonable consumers acting reasonably under the circumstances into mistakenly avoiding Plaintiff's authentic Delmonico's landmark restaurant in favor of some other competing restaurant that Defendants seek to establish somewhere else, that Defendants' deceptive acts were directed at consumers of the parties' restaurant services, and that Plaintiff has

been injured as a result of Defendants' deceptive acts, in the form of lost branding goodwill and present and future sales revenue for Plaintiff and/or its licensees. Accordingly, Defendants' actions constitute unlawful deceptive acts and practices under N.Y. Gen. Bus. Law § 349(a).

33. With respect to its cybersquatting claim, Plaintiff has a valid trademark entitled to protection, namely DELMONICO'S, that Plaintiff's DELMONICO'S trademark is distinctive and famous, that Defendants are using an identical copy of Plaintiff's distinctive and famous trademark as their dot-com URL, namely DELMONICOS.COM, and that Plaintiff's DELMONICO'S trademark acquired its famous status long before the DELMONICOS.COM URL was first registered.

34. Plaintiff's actions constitute unlawful cybersquatting in violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. 1125(d).

35. With respect to its trademark disparagement claim, Defendants have published numerous false statements regarding the ownership of the Delmonico's trademarks; namely, Defendants have been falsely advertising on their website DELMONICOS.COM that Defendants are the "sole owners" of the Delmonico's trademark, and that Plaintiff and Plaintiff's new lessee at the authentic original Delmonico's landmark building are "misrepresenting themselves to the media as owners of Delmonico's."

36. Defendants have published these false statements to Plaintiff's / Plaintiff's licensee's customers or potential customers, via not only Defendants' website DELMONICOS.COM, but also via Defendants' tens of thousands of followers on social media including on Instagram, and via widely circulating print and digital media including the New York Post, the Daily Mail, and others.

37. Defendants communicated these false statements regarding Plaintiff's ownership of the Delmonico's trademarks to the liquor license authority, which caused them to place an indefinite hold on the liquor license for Plaintiff's licensee.

14

38. Defendants' actions constitute trademark disparagement under the common law.

39. Plaintiff is entitled to, among other relief, injunctive relief.

40. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

41. The Parties stipulate and agree to the entry of a permanent injunction in the form set forth below.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. **<u>Defendants Have No Rights in the Delmonico's Marks</u>**. Defendants did not acquire ownership of any trademark rights in connection with operation of the Delmonico's restaurant at 56 Beaver Street in New York, because Defendants were then under contract with Plaintiff, such that all uses of the Delmonico's Marks by Defendants were under license from Plaintiff.

2. **<u>Infringement, Dilution, Cybersquatting, Trademark Disparagement, Unfair Competition, Unlawful Deceptive Acts and Practices, and Intentional Interference With Prospective Economic Advantage</u>**. The Delmonico's Marks belong to Plaintiff and are distinctive and famous and are valid trademarks entitled to protection, at least, in connection with restaurant(s) and bar(s), and related goods and services. Defendants' uses, that were not authorized by Plaintiff, of the Delmonico's Marks, registration and use of the URL www.delmonicos.com, and Defendants' published written statements to the public and the media falsely indicating that Plaintiff's new tenants at the Delmonico's 56 Beaver Street location are imposters who are infringing Defendants' claimed rights in the Delmonico's Marks, have damaged Plaintiff's business, and have infringed Plaintiff's Delmonico's Marks under the Lanham Act and state law including New York law by creating a false designation of origin and misleading description and representation of fact, as well as a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, have also diluted at least some

of Plaintiff's Delmonico's Marks under the Lanham Act and state law including New York law, have committed cybersquatting under the Lanham Act, have committed unfair competition and unlawful deceptive acts and practices against Plaintiff under the Lanham Act and state law including New York law, and have committed trademark disparagement and intentional interference with prospective economic advantage under state law including New York law.

3. **Permanent Injunction**. Defendants, and each of their affiliates, servants, agents, employees, subsidiaries, divisions, officers, directors, licensees, suppliers, successors, and assigns, and all those acting in concert or participation with any of them, are hereby permanently enjoined and restrained from:

a) Using in any manner any of the Delmonico's Marks or any confusingly similar marks or trade dresses or any colorable imitations thereof, including, without limitation, the marks listed herein in the Live OL Applications and Registrations, on or in connection with the advertising, offering for sale or sale of any product which is not manufactured, distributed, or otherwise authorized by or for Plaintiff;

b) Using in any manner any of the Delmonico's Marks or any confusingly similar marks or trade dresses or any colorable imitations thereof, including, without limitation, the marks listed herein in the Live OL Applications and Registrations, on or in connection with the advertising, offering to render, or rendition of any service not approved by, sponsored by or otherwise authorized by Plaintiff;

c) Attempting to or actually passing-off, inducing or enabling others to sell or pass-off any product or service as a product or service affiliated with or sponsored by Plaintiff, which product is not produced by or service is not rendered under the authorization, control and supervision of Plaintiff;

d) Copying, making confusingly similar or colorable imitations of, or modifying any of Plaintiff's advertising or promotional materials for use in connection with the

advertising, promotion or sale of any of Defendants' goods or services;

e) Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of, in any manner, advertising materials, goods or inventory bearing any of the Delmonico's Marks or any confusingly similar marks or trade dresses, or any colorable imitations thereof, including, without limitation, restaurant and bar related goods and packaging and marketing materials therefor, which materials, goods or inventories were not manufactured by or for Plaintiff or authorized by Plaintiff to be used, sold or offered for sale in association with or bearing any of such marks or trade dresses;

f) Obtaining, possessing, manufacturing, or using any digital image files, tools, dies, stamping, mixing, embossing, printing, labeling, packaging, silk screening, molding equipment or any other apparatus designed especially for the manufacture or labeling of unauthorized products bearing Delmonico's Marks or any marks confusingly similar thereto, and packaging and advertising or display material relating thereto;

g) Committing any acts calculated or intended to cause purchasers to believe falsely that any of Defendants' goods or services are associated with, sponsored by, approved by, guaranteed by, connected with or produced under the control and supervision or within the authority of Plaintiff;

h) Further infringing the rights of Plaintiff in and to the Delmonico's Marks, or otherwise continuing to perform in any manner whatsoever any infringing acts against the Delmonico's Marks;

i) Continuing to perform in any manner whatsoever any further acts likely to cause dilution of Plaintiff's trademark rights in and to the Delmonico's Marks;

j) Continuing to perform in any manner whatsoever any unfair competition or deceptive trade practices against Plaintiff or Plaintiff's licensees;

17

k) Making false statements to others regarding Plaintiff's trademark rights;

l) Otherwise competing unfairly with Plaintiff; and

m) Continuing to perform in any manner whatsoever any further acts likely to interfere in any way with the business of Beaver or its (or its licensee's) Delmonico's restaurant, including but not limited to its reputation and goodwill, Plaintiff's relationships with its licensees, and Plaintiff's and its licensees' dealings with their customers and potential customers, and Plaintiff's and its licensees' dealings with vendors and governmental and regulatory officials.

4. Transfer of Domain Name. Ownership of the DELMONICOS.COM domain name shall immediately be frozen and then transferred to Plaintiff, who shall have free and full use of such domain.

5. Delivery of Infringing Materials. Defendants must within thirty (30) days of this Order deliver to Plaintiff or its attorneys any and all restaurant and bar related items, advertising matter, promotional, and other items and materials in their possession or control bearing any of the Delmonico's Marks, alone or in combination with any other words, or any other words or symbols which so resemble any of the Delmonico's Marks as to be likely to cause confusion, mistake or deception, which is or can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed or otherwise authorized by Plaintiff. Defendants must also within 30 days deliver to Plaintiff or its attorneys any and all disks, tapes, computer graphic files, molds, plates, screens, graphics, matrixes, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of Delmonico's Marks which are for use on items, products, containers, packaging, labeling, advertising, and display literature or other material not authorized by Plaintiff, or alternatively must within that timeframe certify the destruction of the above items in writing to Plaintiff's attorneys.

6. Transfer of New York State Service Mark Registrations.

(a) The New York Secretary of State shall transfer ownership of the New York State Service Mark for a Stylized Letter D in a wreath design for restaurant services under Registration No. S18914 and renewed as Registration No. S23037 to Plaintiff.

(b) The New York Secretary of State shall transfer ownership of the New York State Service Mark for the Stylized Words "SINCE 1837", a Stylized "D" in a Wreath Design, together with the word "DELMONICO'S" in Stylized Format which appear within a Fanciful Image of a Locomotive with Scroll Designs, for restaurant services under Registration No. S18923 and renewed as Registration No. S23038, to Plaintiff.

7.  <u>Transfer of Federal Trademark/Service Mark Registrations and Applications</u>.  The United States Patent & Trademark Office shall transfer ownership of the following US Trademark/Service Mark Registrations and Applications to Plaintiff:

| Mark | Appln. No. | Reg. No. | Status |
| --- | --- | --- | --- |
| D & Design | 77979598 | 3819765 | Registered |
| D & Design | 77978342 | 3732762 | Registered |
| D & Design | 76577250 | 3344644 | Registered |
| D & Design | 76577251 | 2928614 | Registered |

| Mark | Appln. No. | Status |
| --- | --- | --- |
| EST. D 1837 & Design | 97375094 | Pending - Notice of Allowance Issued |
| EST. D 1837 & Design | 97375086 | Pending - Notice of Allowance Issued |
| EST. D 1837 & Design | 97375072 | Pending - Notice of Allowance Issued |
| EST. D 1837 & Design | 97375019 | Pending - Notice of Allowance Issued |
| EST. D 1837 & Design | 97375001 | Pending - Notice of Allowance Issued |
| EST. D 1837 & Design | 97374981 | Pending - Notice of Allowance Issued |
| EST. D 1837 & Design | 97374957 | Pending - Notice of Allowance Issued |
| EST. D 1837 & Design | 97374934 | Pending - Notice of Allowance Issued |
| EST. D 1837 & Design | 97374908 | Pending - Notice of Allowance Issued |

8. **Abandonment of United States Trademark/Service Applications**. The United States Patent & Trademark Office shall declare the following trademark applications filed by Ocinomled as abandoned:

Application Serial Nos.  76/586,960; 76/577,252; 76/577,253; and 77/301,695

9. <u>Future Goods and Services</u>. Except as otherwise specifically set forth herein, the terms and conditions herein shall apply to all goods and services now or in the future sold by, offered for sale by, marketed by, licensed by and/or otherwise controlled by any of the Defendants, their affiliates, officers, directors, shareholders, agents, servants, employees, subsidiaries, divisions, licensees, successors and assigns, and all persons and entities in active concert or participation with any of them.

10. <u>Payment of Settlement Sum</u>. Defendants shall pay Plaintiff the sum of money as has been agreed by the Parties.

11. <u>Non-Interference</u>. Defendants shall not interfere anywhere in the world with Plaintiff's use or registration of its Delmonico's Marks or derivatives thereof, or any composite mark containing any of the Delmonico's Marks. In addition, Defendants shall not initiate, prosecute, or in any way aid in the commencement of, the prosecution or defense of any suit, action, claim, defense, counterclaim, cross-claim, affirmative defense, administrative proceeding or other proceeding whatsoever at law or otherwise, anywhere in the world, against Plaintiff's (or its successors' or assigns') use, registration, or enforcement of:

(a) any Delmonico's Mark or registrations therefor;

(b) any mark or registration containing a Delmonico's Mark or any confusing similar mark;

(c) any composite mark containing any Delmonico's Mark or registration therefor including any of the Delmonico's Marks or marks confusingly similar thereto.

12. <u>Service</u>. Service may be made upon Defendants by mail addressed to defendants as follows:

`

Ocinomled, Ltd. c/o Michelle Grgurev
Michelle Grgurev
Omer Grgurev
235 Dorin Court Road
Fort Lee, NJ 07024

FERDO GRGUREV and NATALIA GRGUREV
536 Floyd Street
Englewood Cliffs, NJ 07632

ROBERT GRGUREV
12 West 17th Street, Apt. 12
New York, NY 10011

A copy of this Stipulation for Consent Decree and Permanent Injunction shall be deemed

sufficient notice under Federal Rule of Civil Procedure 65. It shall not be necessary for

Defendants to sign any form of acknowledgment of this service.          **[MKV]**

~~13. Retention of Jurisdiction to Enforce Settlement Agreement. The Court retains~~

~~jurisdiction to enforce this Consent Decree and the Settlement Agreement between the Parties.~~

14. <u>Entry of Judgment</u>. The Court expressly determines that there is no just reason for delay

in entering Judgment and pursuant to Federal Rule of Civil Procedure 54(a), the Court enters

Judgment, jointly and severally, against all Defendants on all of Plaintiff's causes of action.

**The Clerk of Court is respectfully requested to close this case.  [MKV]**

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**


Dated:   February 6 , 2023

Hon. Mary Kay Vyskocil
United States District Judge

IT IS SO STIPULATED:

Dated November ~~XX XXX~~ ~~202X~~

January 5, 2024

*By:*     /s/ Neil D. Greenstein

Neil D. Greenstein
TechMark
1934 Old Gallows Road, Suite 350
Vienna, Virginia 22182
Tel:  347-514-7717
Email: ndg@techmark.com

**And**

Paul Coppe (PC9245)
Rose & Rose
291 Broadway, 13th Floor
New York, New York 10007
Tel: 212-349-3366
Email:  pcoppe@roseandroselaw.com

Attorneys for Plaintiff,
BEAVER EQUITIES GROUP L.P.

Dated November 16, 2023          OCINOMLED, LTD., Defendant

*By:* Michelle Grgurev

Name: Michelle Grgurev

Title: COO

c/o Michelle Grgurev
235 Dorin Court Road
Fort Lee, NJ 07024

Dated November 17, 2023      *By:*

Name: FERDO GRGUREV, Defendant
536 Floyd Street
Englewood Cliffs, NJ 07632

Dated November 17, 2023      *By:*

Name: OMER GRGUREV, Defendant
235 Dorin Court Rd.
Fort Lee, NJ 07024

22

Dated November __, 2023

By: _Natalia Grgurev_
Name: NATALIA GRGUREV, Defendant
526 Floyd Street
Englewood Cliffs, NJ 07632

Dated November 17, 2023

By: _Michelle Grgurev_
Name: MICHELLE GRGUREV, Defendant
235 Dorin Court Road
Fort Lee, NJ 07024

Dated November __, 2023

By: _____
Name: ROBERT GRGUREV, Defendant
12 West 17th Street, Apt. 12
New York, NY 10011

23